**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YAURY PADRON IGLESIAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-818-G** |
| | ) | |
| **MARKWAYNE MULLIN, Secretary of United States Department of Homeland Security, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

On April 16, 2026, Petitioner Yaury Padron Iglesias filed a Petition for Writ of Habeas Corpus (Doc. No. 1) challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review. Certain Respondents filed an Answer (Doc. No. 8).[1]

On August 31, 2026, Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 9), recommending that the Petition be granted in part. Both parties filed Objections (Doc. Nos. 11, 13, 14).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

[1] The appearing respondents are Secretary Mullin and United States Attorney General Todd Blanche.

*I. Background*

Petitioner is a Cuban national who entered the United States in December 2021. R. & R. at 2. Petitioner was taken into custody by DHS, charged as removable, and issued a Notice to Appear. *Id.*; Doc. No. 8-1. The record indicates that Petitioner was then released into the United States on his own recognizance pursuant to 8 U.S.C. § 1226. R. & R. at 2; Doc. No. 8-2.

On June 13, 2022, Petitioner filed an application for asylum. R. & R. at 2.

Petitioner was taken into custody on March 5, 2026, during a check-in with ICE. *Id.* Petitioner is currently detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1.

In the Petition, Petitioner alleges that he was arrested without notice or any explanation for his re-detainment. *See* Pet. at 7. Petitioner argues that his ongoing detention violates the Immigration and Nationalization Act ("INA"), 8 U.S.C. §§ 1101 et seq., and his right to due process. *See* Pet. at 7.

*II. The Report and Recommendation*

Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). *See* Answer at 1-8. In the R. & R., Judge Erwin determined in relevant part that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 3-5. Accordingly, Judge Erwin concluded that Petitioner is entitled to relief due to violation of the INA. *See* R. & R. at 3-5, 8 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (2026)).

As noted in the R. & R., the Tenth Circuit has held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Pet. at 1, 7; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Pet. at 7. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[2]

---

[2] Because the Court finds that habeas relief is warranted on this basis, the Court need not address Petitioner's other claims, the remainder of the R. & R., or the parties' additional objections. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

## CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 9) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's INA claim.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's remaining claims for relief are DISMISSED without prejudice.

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 19th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge